# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Mitchell Barker,**
**Petitioner Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0296**  (Mercer County 08-C-388)

**City of Bluefield, a municipal corporation,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mitchell Barker, by counsel, Andrew J. Katz, appeals the Circuit Court of Mercer County's January 25, 2012, "Order Ruling on Appeal" in which the circuit court denied and dismissed petitioner's appeal from the decision of the Fireman's Civil Service Commission. Respondent, the City of Bluefield, by counsel, J.W. Feuchtenberger, filed its response. Petitioner seeks reversal of the circuit court's order and reinstatement as a firefighter.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner was a firefighter for the respondent for approximately eight years prior to his discharge in 2008. Petitioner claims that in 2007 he began experiencing back problems which caused him to intermittently miss work in 2007 and 2008. He submitted some medical excuses, but the parties disputed the sufficiency of those excuses. In addition, it is undisputed that the excuses submitted did not cover all of petitioner's absences. Respondent's fire chief recommended petitioner's termination for excessive absenteeism and insubordination, and petitioner was terminated. On April 4, 2008, the Firemen's Civil Service Commission ("the Commission") held an evidentiary review hearing. The Commission upheld the discharge, and petitioner appealed to the Circuit Court of Mercer County on July 8, 2008. In that appeal, petitioner asked the circuit court to reverse the final order of the Commission. The circuit court originally found that the Commission's final order did not comply with the statutory requirements for findings of fact and conclusions of law and ordered that the Commission issue a final order complying with West Virginia Code §29A-5-3. The circuit court then received a sufficient final order from the Commission on January 18, 2012. On January 25, 2012, the Circuit Court of Mercer County issued its "Order Ruling on Appeal," denying petitioner's appeal and dismissing the same.

1

On appeal to this Court, petitioner raises four "groups" of assignments of error, including alleged violations of petitioner's due process rights and errors in the Commission's factual findings that were upheld by the circuit court. Despite its claim that there are four "groups" of assignments of error, petitioner sets forth three arguments in its brief.

Petitioner's first assignment of error is that the lower court erred by violating petitioner's due process rights in the issuance and substance of its January 25, 2012, "Order Ruling on Appeal." The second and third assignments of error also relate to the Commission's findings of fact which were affirmed by the circuit court in that same order. Petitioner contends that he was not insubordinate because he substantially complied with the Chief's instructions regarding his medical excuses. He further argues that he could not be guilty of excessive absenteeism because he had available sick leave time. Petitioner asserts that the factual findings regarding these issues were not supported by substantial evidence. Respondent argues that the record supports the finding that petitioner was guilty of excessive absenteeism and insubordination. Respondent maintains that petitioner did not comply with the Chief's requests and instructions and otherwise failed to comply with respondent's policies and procedures for the use of sick leave.

"'A final order of the Civil Service Commission based upon a finding of fact will not be reversed by this Court upon appeal unless it is clearly wrong.' Syllabus, *Billings v. Civil Service Commn.*, 154 W.Va. 688, 178 S.E.2d 801 (1971)." Syl. Pt. 1, *Giannini v. Firemen's Civil Service Commn. of City of Huntington*, 220 W.Va. 59, 640 S.E.2d 122 (2006). In addition, "'[a] final order of a police civil service commission based upon a finding of fact will not be reversed by a circuit court upon appeal unless it is clearly wrong or is based upon a mistake of law.' Syl. Pt. 1, *Appeal of Prezkop*, 154 W.Va. 759, 179 S.E.2d 331 (1971)." *Id.* at Syl. Pt. 2. This Court's review of the circuit court's decision made in view of the Commission's action is generally de novo. *Id.* at 62, 640 S.E.2d at 125. Thus, this Court reviews the Commission's adjudicative decision from the same position as the circuit court. *Id.* Based upon the facts and the record, this Court finds that the findings of fact in the Commission's final order are not clearly wrong.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

2